OPINION
Arlen R. Bowman, executor of the estate of Henry C. Bowman ("Henry"), and those individuals named as heirs in Henry's will, appeal from a judgment of the Montgomery County Court of Common Pleas, Probate Division, which denied their Civ.R. 60(B) motion for relief from judgment.
The facts of this case are somewhat involved but are essentially undisputed.
On June 13, 1996, shortly before their marriage, Dulcie Bowman ("Dulcie") and Henry entered into a antenuptial agreement. Dulcie had previously been married to Henry's brother, Sam; both Dulcie and Henry had been widowed and had children from their prior marriages. In the antenuptial agreement, Dulcie and Henry agreed that each party would retain control over all real and personal property acquired by each before or after their marriage. The agreement also called for Dulcie to relinquish "all claims and rights" in Henry's property or estate acquired by reason of her marriage to Henry. Among Henry's premarital assets was a retirement plan established pursuant to Section 401(k), Title 26, U.S. Code ("401(k) plan") through the A.K. Steel Corporation ("A.K. Steel"), and this asset was listed in a statement of Henry's assets which was attached to the antenuptial agreement.
Henry died testate in December 1996. His will bequeathed his real and personal property to Charles, Randy, Arlen, Janice, and Terry Bowman and made no provision for Dulcie.
A.K. Steel's 401(k) plan was established and administered pursuant to the Employee Retirement Income Security Act ("ERISA"), Section 1001 etseq., Title 29, U.S. Code. ERISA provides that the surviving spouse is the beneficiary of a benefit plan unless: 1) that spouse consents in writing to waive his or her rights to the proceeds; 2) the waiver designates a beneficiary other than the spouse (with spousal consent) before the participant's death or the spouse has expressly agreed that the participant may name a beneficiary later or change a beneficiary without further spousal consent; 3) the spouse's signature to this consent is witnessed by a plan representative or notary public; and 4) the waiver acknowledges the effect of such a waiver of rights. Section 1055(c)(2)(A), Title 29, U.S. Code. A.K. Steel's plan provided that a participant's spouse was the beneficiary unless the spouse consented to an alternative designated beneficiary and the plan was notified of such designation prior to the participant's death. The plan further provided that, in the absence of a valid designation, or if no validly designated beneficiary survived the participant, or if each surviving designated beneficiary is legally impaired or prohibited from taking, then the participant's beneficiary shall be the participant's surviving spouse, or if none, the participant's estate.
Upon Henry's death, Dulcie and her representatives contended that the antenuptial agreement did not satisfy the ERISA requirements for designating a beneficiary other than the surviving spouse, and that Dulcie was therefore entitled to the proceeds of the 401(k) plan notwithstanding the antenuptial agreement. A.K. Steel agreed with this position. On the other hand, the estate contended that Dulcie had waived her rights in the plan or that, in the alternative, she was "legally impaired or prohibited from taking" under the plan because of the antenuptial agreement, and that the funds therefore passed to the estate.There was some disagreement as to where Henry had maintained his permanent residence, and his will was originally admitted to probate in the Warren County Court of Common Pleas, Probate Division. On April 10, 1997, Dulcie, through her son and attorney-in-fact James A. Bowman, filed a complaint in that court seeking to set aside the antenuptial agreement on the bases that there had not been "a full and accurate financial disclosure" of Henry's assets when the agreement was executed and that the attorney who had prepared the document had had an undisclosed conflict of interest. The estate filed an answer and filed a counterclaim based on the antenuptial agreement.
On January 8, 1998, the Warren County court concluded that, at the time of his death, Henry had established a permanent residence with Dulcie in Montgomery County. In re Estate of Bowman (Jan. 8, 1998), Warren C.P. No. 971020, unreported. Accordingly, the case was refiled in the Montgomery County Court of Common Pleas, Probate Division, in May 1998. The estate again filed an answer, but it did not reassert its counterclaim at that time.
In the meantime, Dulcie had filed a complaint in the United States District Court, Southern District of Ohio, Western Division ("U.S. District Court") on October 30, 1997, seeking declaratory and injunctive relief regarding the distribution of Henry's 401(k) funds held by A.K. Steel. On September 21, 1998, the U.S. District Court held that ERISA preempts state law and that antenuptial agreements are not effective as waivers under ERISA. Bowman v. Bowman (S.D.Ohio Oct. 30, 1997), No. C-3-97-480, unreported. The court concluded that the antenuptial agreement had failed to satisfy ERISA and the A.K. Steel plan requirements in the following ways: 1) the waiver had not been executed by a spouse (but, rather, by a spouse-to-be); 2) an alternative beneficiary had not been designated; 3) the agreement did not acknowledge the effect of the waiver; and 4) the agreement was not filed with A.K. Steel as the plan administrator. The U.S. District Court further held that the phrase in the A.K. Steel plan that referred to whether the designated beneficiary was "legally impaired or prohibited from taking" was never meant to refer to the surviving spouse. Thus, the court declared Dulcie the owner of the 401(k) funds and directed A.K. Steel to pay those funds to her. The estate did not appeal this judgment.
On December 21, 1998, after the U.S. District Court's decision, the estate filed an amended answer to Dulcie's complaint in the Montgomery County probate court asserting a counterclaim for breach of the antenuptial agreement. In March 1999, Dulcie filed a motion for summary judgment on the estate's counterclaim, contending that the claim was barred by res judicata because the U.S. District Court had considered and disposed of the estate's claim in the federal case. The estate opposed the motion for summary judgment, claiming that the U.S. District Court's decision had been limited to the issue of whether the antenuptial agreement had satisfied the ERISA waiver requirements and had not addressed its breach of contract claim. The probate court granted Dulcie's motion for summary judgment on May 27, 1999.
The estate appealed from the probate court's decision. In an opinion rendered on March 10, 2000, we concluded that the estate's "breach of contract counterclaim was a compulsory counterclaim that should have been pled in the federal suit, and that in failing to do so, the [estate] * * * waived [its] right to assert the counterclaim in the subsequent state action." Bowman v. Bowman (Mar. 10, 2000), Montgomery App. No. 17829, unreported. Thus, we affirmed the judgment of the probate court. Id.
On May 30, 2000, the estate filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1) and (5). It argued that its failure to file the counterclaim in the previous action was the product of mistake, oversight, inadvertence, or excusable neglect and that relief was necessary to prevent injustice. The probate court overruled the motion for relief from judgment, without elaboration, on August 25, 2000.
The estate presents one assignment of error on appeal.
 THE TRIAL COURT ERRORED [SIC] IN OVERRULING APPELLENTS' [SIC] MOTION FOR RELIEF FROM JUDGMENT WHERE APPELLANTS ESTABLISHED A MERITORIOUS DEFENSE, ARE ENTITLED TO RELIEF PURSUANT TO CIVIL RULE 60(B)(1) (5) AND FILED THE MOTION WITHIN A REASONABLE TIME.
The estate claims that it was entitled to relief from judgment because it had established all of the criteria set forth at Civ.R. 60(B)(1) and (5). To prevail on a motion to vacate a judgment pursuant to Civ.R. 60(B), the movant must demonstrate that: 1) the party has a meritorious claim or defense to present if relief is granted; 2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and 3) the motion is made within a reasonable time, and where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment. Cuyahoga Support Enforcement Agency v.Guthrie (1999), 84 Ohio St.3d 437, 440, citing GTE Automatic Elec., Inc.v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Civ.R. 60(B)(1) provides that a court may relieve a party or his legal representative from a final judgment, order or proceeding for mistake, inadvertence, surprise or excusable neglect. Civ.R. 60(B)(5) is a catch-all provision permitting relief for any reason justifying relief other than those reasons otherwise specified in the rule. Civ.R. 60(B)(5) applies only when a more specific provision does not apply.Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66. Whether relief from judgment should be granted is within the sound discretion of the trial court. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. Therefore, a trial court's grant or denial of a Civ.R. 60(B) motion will not be reversed absent an abuse of discretion. Adomeit v. Baltimore
(1974), 39 Ohio App.2d 97, 103. The term "abuse of discretion" implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The probate court apparently agreed with Dulcie's position that the ownership of the 401(k) plan had been litigated in the U.S. District Court and that the estate was not entitled to relitigate it in the probate court. This determination implicates the "meritorious claim or defense" showing that is required for relief from judgment to be granted. In asserting that it has a meritorious claim to present, the estate relies upon the language of the antenuptial agreement in which Dulcie purported to disclaim all interest in Henry's real and personal property. It also points out that two distinct agreements are at issue: the agreement between A.K. Steel and its employees for the operation of a retirement plan, which was governed by ERISA, and the agreement between Dulcie and Henry regarding the ultimate disposition of their assets. The estate claims that only the parties' rights and obligations pursuant to ERISA were determined by the U.S. District Court and that it has not yet litigated the contractual issues created by the antenuptial agreement. The record refutes this contention.
The U.S. District Court thoroughly considered whether the antenuptial agreement waived Dulcie's rights to the proceeds of Henry's 401(k) plan and concluded that, for numerous reasons, the agreement did not constitute a valid waiver. The court also concluded that Dulcie was not "legally impaired or prohibited from taking" under the plan. When the estate later argued in the Montgomery County probate court that, notwithstanding the absence of a waiver comporting with ERISA and plan requirements, Dulcie had been required under the separate and enforceable contractual obligations she had assumed by signing the antenuptial agreement to surrender the proceeds of the 401(k) account, the probate court concluded that this argument was barred by res judicata, and we agreed. Bowman, supra. The estate's breach of contract claim was a compulsory counterclaim that it was required to pursue in the U.S. District Court action that arose out of the same transaction. By failing to do so, the estate waived its right to assert it in all subsequent actions. Id.
Because the estate's breach of contract claim forms the basis for its motion for relief from judgment, and because we have already held that the estate's breach of contract arguments are barred by res judicata, the estate did not show that it had a meritorious claim to present. Thus, it was not entitled to Civ.R. 60(B) relief.
The assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.