DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Alvin R. Liggens, Sr., appeals the decision of the Summit County Court of Common Pleas, Domestic Relations Division. We affirm.
Patricia and Alvin Liggens were married on January 20, 1968. On June 16, 1995, they filed a petition for the dissolution of marriage, which included a proposed separation agreement. Mr. Liggens was not represented by counsel at the time he entered into the separation agreement nor at the time of the hearing, while Ms. Liggens had counsel throughout the proceedings. After a hearing, the court ordered the dissolution of marriage and incorporated the separation agreement into the decree of dissolution on October 12, 1995. The court noted that the parties "acknowledged under oath that they voluntarily entered into the Separation Agreement, and that they are satisfied with its terms[.]"
The separation agreement provided, in part, that the parties would divide equally Mr. Liggens' Ohio Edison Pension Plan, payable upon his retirement, and that Mr. Liggens would pay spousal support to Ms. Liggens in the sum of $1,000 per month. Regarding spousal support, the separation agreement stated:
 SPOUSAL SUPPORT Husband shall pay to Wife as spousal support for her support and maintenance the sum of $1,000.00 per month, plus poundage, by wage assignment, payable through the Summit County Child Support Enforcement Agency, with the first such payment due and payable upon the date of the execution of this agreement. Such obligation shall terminate upon the death of Wife or upon her remarriage, and shall not be subject to modification by further order of any court having jurisdiction over the issue of spousal support.
On February 1, 1998, Mr. Liggens retired from Ohio Edison. His monthly pension from Ohio Edison is $2,986.36, half of which is forwarded to Ms. Liggens pursuant to the separation agreement. After paying Ms. Liggens $1,000 in spousal support, Mr. Liggens is left with approximately $258 per month for his living expenses. Consequently, on January 28, 1998, Mr. Liggens moved to modify the trial court's order of spousal support; however, the court denied this motion reasoning that, pursuant to the dissolution decree, the court did not retain jurisdiction to modify spousal support under these circumstances. Thereafter, Mr. Liggens filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(5), claiming that there was no meeting of the minds as to the issue of spousal support because he intended for spousal support to cease upon his retirement. On December 20, 1999, the trial court overruled Mr. Liggens' Civ.R. 60(B)(5) motion. This appeal followed.
Mr. Liggens asserts a single assignment of error:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE.
Mr. Liggens avers that the trial court erred in denying his motion for relief from judgment pursuant to Civ.R. 60(B)(5). We disagree.
An appellate court reviews a decision on a Civ.R. 60(B) motion under the abuse of discretion standard. Strack v. Pelton (1994),70 Ohio St.3d 172, 174. An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
"Civ.R. 60(B) is a mechanism whereby a party or parties may obtain relief by motion from a judgment or order." In re Whitman (1998),81 Ohio St.3d 239, 242. Civ.R. 60(B)(5) provides in part:
 [o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
To prevail on a Civ.R. 60(B) motion, the moving party has the burden of establishing three requirements:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. All three requirements must be met for the motion to be granted. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20.
Mr. Liggens asserts that the trial court should have granted his motion for relief from judgment pursuant to Civ.R. 60(B)(5). "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment[.]"Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, paragraph one of the syllabus. "[I]t is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." Id. Furthermore, "[t]he grounds for invoking Civ.R. 60(B)(5) should be substantial." Id. at paragraph two of the syllabus.
In the present case, we cannot find that Mr. Liggens has established that he is entitled to relief on the grounds of Civ.R. 60(B)(5). As previously noted, the grounds for invoking Civ.R. 60(B)(5) should be substantial. Id. Here, Mr. Liggens argues that he did not realize that his spousal support obligation would not terminate upon his retirement, and therefore, there was no meeting of the minds as to the terms of the separation agreement; however, Mr. Liggens had ample opportunity to study the agreement before signing and presenting it to the court in his petition for dissolution of marriage. See, generally, Knapp v. Knapp
(1986), 24 Ohio St.3d 141, 145. He does not aver that the separation agreement was fraudulently induced or produced under duress. Significantly, during the hearing, Mr. Liggens "acknowledged under oath that [he] voluntarily entered into the Separation Agreement, and that [he was] satisfied with its terms[.]" Moreover, despite being advised by Ms. Liggens' counsel to obtain separate counsel for the negotiation and preparation of the separation agreement, he willingly and knowingly chose to proceed without counsel. Accordingly, we cannot say that the trial court abused its discretion in denying Mr. Liggens' motion for relief from judgment pursuant to Civ.R. 60(B)(5).
Mr. Liggens' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
BAIRD, J., CARR, J., CONCUR