CARUSO-CIRESI, INC., APPELLEE, *v.* LOHMAN ET AL.; BECKMAN
ENTERPRISES, INC., APPELLANT.

[Cite as Caruso-Ciresi, Inc. *v.* Lohman (1983), 5 Ohio St. 3d 64.]

(No. 82-442—Decided May 25, 1983.)

*Thompson & Co., L.P.A.,* and *Mr. James W. Thompson,* for appellee.
*Mr. Dale N. Breig,* for appellant.

Cook, J. The sole question presented by this appeal is whether it was an abuse of discretion for the trial court to grant appellant's motion, under Civ. R. 60(B)(5), to vacate the default judgment previously entered.

Civ. R. 60(B) states, in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and

for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

This court, in *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86], in paragraph two of the syllabus, held:

"To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

The court in *GTE Automatic Electric, Inc.*, at page 151, stated that the three above requirements "are independent and in the conjunctive not the disjunctive."

Turning to the facts of the instant appeal, it is undisputed that appellant's motion was timely and that it had a meritorious defense. The sole remaining issue is whether appellant demonstrated that it was entitled to relief under Civ. R. 60(B)(5).

The facts of this case indicate that if relief was to be granted at all, it would have had to been granted under Civ. R. 60(B)(1). The only facts presented here were contained in the affidavits of Beckman and Breig. Said facts demonstrated a meritorious defense and attempted to demonstrate excusable neglect by counsel for Beckman Enterprises. However, the court properly found the neglect of counsel was not excusable.

In its motion for reconsideration, with no additional operative facts before the court, appellant contended, by brief, that the court should vacate the default judgment against it and grant its motion for relief from judgment on the basis of Civ. R. 60(B)(5), the "any other reason" clause. Appellant argued that Beckman Enterprises was not a proper defendant to the action.

Civ. R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. However, the grounds for invoking said provision should be substantial. Staff Note to Civ. R. 60(B); *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97, 105 [68 O.O.2d 251]. Nor should Civ. R. 60(B)(5) be used as a substitute for any of the other more specific provisions of Civ. R. 60(B). *Adomeit* v. *Baltimore, supra; Antonopoulos* v. *Eisner* (1972), 30 Ohio App. 2d 187 [59 O.O.2d 309].

In the cause *sub judice,* appellant did not demonstrate by operative facts that it was entitled to relief pursuant to Civ. R. 60(B)(5). Rather, it relied on the facts contained in the affidavit of Beckman, which demonstrated a meritorious defense, and the affidavit of Breig, which attempted unsuccessfully to demonstrate excusable neglect. Having failed to demonstrate excusable neglect (Civ. R. 60[B][1]), appellant could not contend it should be relieved of the default judgment pursuant to Civ. R. 60(B)(5) simply because it had a meritorious defense.

A trial court abuses its discretion where it properly overrules a motion for relief from judgment based on Civ. R. 60(B)(1) and then, upon reconsideration of its ruling and without additional operative facts before it, vacates its earlier ruling and grants the motion based on Civ. R. 60(B)(5) because the movant had a meritorious defense.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

W. BROWN, LOCHER and HOLMES, JJ., concur.

CELEBREZZE, C.J., SWEENEY and C. BROWN, JJ., dissent.

COOK, J., of the Eleventh Appellate District, sitting by assignment.

CLIFFORD F. BROWN, J., dissenting. In his persuasive dissent to *Blasco* v. *Mislik* (1982), 69 Ohio St. 2d 684, 688 [23 O.O.3d 684], Chief Justice Celebrezze identified the purpose of Civ. R. 60(B) as "permitting relief in the interest of justice." Because I believe the majority has applied Civ. R. 60(B) in a hypertechnical manner which frustrates justice, I dissent.

This court has previously recognized that Civ. R. 60(B) is a remedial rule which is to be liberally construed. When, as here, a default judgment is involved, there is even more reason for applying a standard of liberality and resolving all doubts in favor of the movant so that the case may be decided on the merits. *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86], paragraph three of the syllabus; *Blasco, supra,* at page 688.

In the present case, the trial court merely applied these principles when it set aside the default judgment. After concluding that there was a genuine issue of fact as to whether Beckman Enterprises, Inc. was a proper defendant, the court expressed its belief that "* * * it would be unjust to let the original default judgment stand * * * [rather than] permitting the case to be desided [*sic*] upon the merits."

Rather than adhere to its prior liberal interpretation of Civ. R. 60(B), the court today refuses to apply the rule to encompass the present situation because "[t]he grounds for invoking Civ. R. 60(B)(5) should be substantial." Apparently this court is of the opinion that the entering of a default judgment against one who is not a proper defendant is not a "substantial" ground for setting aside a judgment. I cannot accept this premise and, indeed, am wary of any rationale which elevates procedural rules over common sense. In my view, the interests of justice are better served by emphasis on the substantive law involved, *i.e.,* the existence of a meritorious defense, rather than any unnecessary glorification of procedural rules.

Particularly obnoxious to any concept of justice is paragraph three of the

syllabus of this case which precludes a trial court from ever correcting its mistake on reconsideration, even though that court acknowledges the existence of defendant's meritorious defense. In so holding, the majority has failed to see the forest (the purpose of the law) for the trees (the procedure). In short, our fascination with procedural rules seems to have mesmerized us to such an extent that the substantive law has become irrelevant.

I cannot agree with any decision which blesses such judicial gamesmanship. I would reverse the judgment of the court of appeals and reinstate the judgment of the trial court vacating the default judgment against Beckman Enterprises, Inc.

CELEBREZZE, C.J., and SWEENEY, J., concur in the foregoing dissenting opinion.