DECISION
This is an appeal by defendant, Larry J. Fortman, from judgments of the Franklin County Court of Common Pleas, granting plaintiff's motion to revive judgment and denying defendant's motion to vacate judgment.
This case has a lengthy procedural background. In February 1980, plaintiff, Investors REIT One, filed an action against various defendants, including Larry J. Fortman. Plaintiff alleged that Fortman (hereafter "defendant") had breached fiduciary duties in handling a real estate investment trust. Defendant subsequently asserted to the trial court that he had reached a settlement agreement with plaintiff and, by decision dated September 29, 1981, the court granted defendant's motion to dismiss based on an alleged settlement. On appeal, this court reversed the trial court's dismissal and remanded for further proceedings, finding that there was an issue of fact regarding the validity of the affirmative defense of settlement to the cases appealed.
On September 6, 1984, plaintiff filed an amended complaint against defendant, alleging a new cause of action for "willful misfeasance, gross negligence and/or willful disregard of fiduciary duties." On February 11, 1985, defendant filed a pro se answer. The case was scheduled for a non-jury trial on September 21, 1987, but the trial date was subsequently cancelled. On December 7, 1987, plaintiff filed a motion for judgment against the defendant. Defendant failed to respond to the motion and, by decision rendered on October 31, 1988, the trial court granted summary judgment in favor of plaintiff. The decision of the trial court was journalized by judgment entry filed on November 15, 1988.
On November 13, 1997, plaintiff filed a "motion to revive judgment." On November 14, 1997, the trial court issued a "conditional order of revivor." On July 28, 1999, the trial court filed an entry, finding that the judgment rendered in 1988 "in favor of Investors Reit One, against Larry J. Fortman, has become dormant but remains unpaid," and ordering that the dormant judgment be revived.
On August 16, 1999, defendant filed a motion, pursuant to Civ.R. 60(B), to vacate the judgment rendered against him on November 15, 1988. By decision filed January 12, 2000, the trial court overruled defendant's motion to vacate judgment. The decision of the trial court was journalized by judgment entry filed on February 7, 2000.
On appeal, defendant sets forth the following four assignments of error for review:
 First Assignment of Error: The trial court erred as a matter of law by overruling Appellant's Motion to Vacate Judgment pursuant to Ohio Civil Rule of Procedure 60(B) because Appellant demonstrated (1) Appellant has a meritorious defense to present; (2) Appellant is entitled to relief pursuant to Ohio Civil Rule of Procedure 60(B)(5); and (3) Appellant's motion was made within a reasonable time.
 Second Assignment of Error: The trial court erred as a matter of law in determining that Appellant was required to and failed to comply with Franklin County Court of Common Pleas Local Rule 11.03 in violation of Appellant's rights pursuant to the Due Process Clause and the Equal Protection Clause of the United States and Ohio Constitutions.
 Third Assignment of Error: The trial court erred as a matter of law in determining that Appellee's failure to comply with the Ohio Civil Rules of Procedure and Franklin County Court of Common Pleas Local Rules was not fatal to Appellee's Motion for Summary Judgment in violation of Appellant's rights pursuant to the Due Process Clause and the Equal Protection Clause of the United States and Ohio Constitutions.
 Fourth Assignment of Error: The trial court erred as a matter of law because Appellant's uncontradicted sworn statement that Appellant never received service of the Motion for Summary Judgment entitled Appellant to have the judgment against Appellant vacated and failure to vacate such judgment was in violation of Appellant's rights pursuant to the Due Process Clause and the Equal Protection Clause of the United States and Ohio Constitutions.
Defendant's assignments of error are interrelated and will be discussed together. Defendant's primary contention is that the trial court erred in failing to grant his Civ.R. 60(B) motion for relief from judgment.
Civ.R. 60(B) provides in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * * misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *
In GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, the Ohio Supreme Court held, at paragraph two of the syllabus:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
A motion for relief from judgment, pursuant to Civ.R. 60(B), "is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
In his motion for relief from judgment filed with the trial court, defendant asserted that he was entitled to relief under Civ.R. 60(B)(5). Defendant contends that the trial court erred in finding that defendant's Civ.R. 60(B) motion was not filed within a reasonable time. Defendant points to his supporting affidavit in which he averred that he did not receive notice of plaintiff's filing of the December 7, 1987 motion for summary judgment, or of the trial court's November 15, 1988 judgment against him, until August 5, 1999.
In finding that defendant did not file his motion in a timely manner, the trial court held in part:
 * * * Fortman emphasizes his lack of notice of the judgment against him (until August, 1999) to overcome the eleven year period between the judgment and his Motion for Relief. The Court, however, does not find this argument to be convincing. Fortman's lack of notice for almost eleven (11) years is due to Fortman's own lack of diligence. As a party litigant, Fortman had an obligation to read, understand and follow the rules of this Court, i.e. to update his address with the assignment office, when necessary. See, Local Rule 11.03. Furthermore, Fortman can not be excused for failing to inquire of the status of his case for nearly eleven years, and furthermore Fortman cannot use this "late notice" as a basis for relief from the 1988 judgment. * * *
As noted under the facts, plaintiff filed an amended complaint in September 1984. Defendant, who had previously been represented by counsel, filed a pro se answer on February 11, 1985. The trial court, in its decision denying defendant's motion for relief from judgment, noted that defendant's answer did not contain his address or telephone number below his signature line. The address in the court system at that time was 300 Apache Drive, Westerville, Ohio, 43081.[1] In defendant's affidavit in support of his Civ.R. 60(B) motion, defendant averred that he was a resident of Franklin County, living at 300 Apache Street, Westerville, Ohio, from 1965 until December 1985. Defendant acknowledged that he was residing at the 300 Apache address when plaintiff filed its second amended complaint.
As previously noted, defendant averred that the first time he received notice of the trial court's 1988 judgment against him was on August 5, 1999. In his affidavit, defendant further averred that he resided at the following residences during the times indicated: Coral Springs, Florida, from December 1985 to December 1986; Miami, Florida, from January 1987 until May 1988; Delray Beach, Florida, from May 1988 until September 1988; Olentangy River Road, Columbus, from September 1988 until December 1990; Dublin, Ohio, from January 1991 until October 1991; New Smyrna Beach, Florida, from November 1991 until March 1994; Duluth, Georgia, from March 1994 until June 1997, and; Longwood, Florida, from June 1997 until November 1998. Finally, defendant averred that, since November 1998, he has resided at Dunwoody, Georgia.
Assuming, arguendo, that defendant did not receive notice of the 1988 judgment against him until August 1999, the issue is whether the trial court erred in finding that defendant's failure to receive notice was caused by his own actions. Despite the lengthy number of address changes listed by defendant in his affidavit, defendant's affidavit contains no averment that he ever notified the court of any change of address. In his affidavit, defendant offered the explanation that he "believed that all the litigation between myself and Plaintiff IRO had been settled and that Plaintiff IRO was no longer prosecuting any claim against me."
The trial court noted in its decision defendant's failure to comply with Civ.R. 11 and Local Rule 11.03 of the Franklin County Common Pleas Court. Civ.R. 11 states in part that, "[a] party who is not represented by an attorney shall sign the pleading, motion, or other paper and state the party's address." Loc.R. 11 sets forth requirements for pleadings and motions; Loc.R. 11.03 states that "[c]ounsel shall file with the assignment officer written notice of any change of address."
To the extent that defendant contends that his failure to receive notice was the result of his mistaken belief that the litigation had been settled, such explanation presumably implicates the provisions of Civ.R. 60(B)(1), dealing with relief from judgment for "mistake, inadvertence, surprise or excusable neglect." However, because defendant's motion for relief from judgment was filed more than one year after the entry of judgment, the trial court would have been precluded from granting relief under that provision. Further, although defendant seeks to invoke the "catch-all" provision of Civ.R. 60(B)(5), it has been noted that Civ.R. 60(B)(5) "is only to be used in an extraordinary and unusual case when the interests of justice warrants it." Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 105.
In the present case, the record supports the trial court's finding that defendant's failure to receive notice of the 1988 judgment was attributable to his own neglect and that his Civ.R. 60(B) motion was untimely. The record indicates that notice of the 1988 judgment entry was sent to all of the parties in the case. The clerk of the trial court, in mailing notice of the judgment to defendant's last known address, and entering a notation in the case docket indicating that service was made, complied with due process requirements addressed by the Ohio Supreme Court in Atkinson v. Grumman Ohio Corp. (1988), 37 Ohio St.3d 80 . Here, the trial court did not err in determining that it was incumbent upon defendant to keep the court apprised of his current address and to inquire about the status of the case, and that defendant's failure to receive notice of the judgment was caused by his own neglect or lack of due diligence. Further, Civ.R. 60(B)(5) "is not to be used as a substitute for any of the more specific provisions of Civ.R. 60(B)."Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, paragraph one of the syllabus. Although defendant's failure to file a notice of change of address with the trial court, contrary to court rule, may have resulted from mistake, inadvertence or neglect, the facts presented are not the type of "extraordinary" circumstances that would provide a basis for relief under Civ.R. 60(B)(5). Accordingly, the trial court acted within its discretion in denying defendant's Civ.R. 60(B) motion.
Defendant raises the contention that plaintiff's motion for judgment, filed on December 7, 1987, failed to contain a certificate of service. Defendant correctly notes that this court has previously held that it is error for the trial court to consider a summary judgment motion where such motion lacks a sufficient certificate of service. Liberty SavingsBank, FSB v. Biscello, Jr. (Jan. 13, 2000), Franklin App. No. 98AP-1398, unreported. However, while defendant may have prevailed on a challenge to the lack of a certificate of service by means of a direct appeal of the court's judgment, our review in this case is from the trial court's denial of defendant's Civ.R. 60(B) motion, including the issue of whether defendant filed the motion in a timely manner. Again, the record supports the trial court's finding that any failure by defendant to learn of the judgment until approximately eleven years after it was entered was due to his own neglect and lack of due diligence. The fact that defendant may have successfully challenged the court's entry of summary judgment on direct appeal is not dispositive of the issue before this court concerning whether the trial court abused its discretion in denying defendant's motion for relief from judgment.
Defendant further argues that he should be held to a lesser standard than an attorney should inasmuch as he was acting pro se. However, "it is well settled in this state that a pro se civil litigant is bound by the same rules and procedures as those who retain counsel." Holman v. Keegan
(Sept. 22, 2000), Erie App. No. E-99-070, unreported. Thus, "[a] pro se civil litigant * * * is held to the same standard as any other litigating party and must accept the results of his or her own errors or mistakes."Id. Further, Ohio courts have held that pro se litigants have the same duty as counsel to keep the trial court apprised of a change of address.Marshall v. Staudt (Feb. 1, 1999), Stark App. No. 1998CA00177, unreported (affirming trial court's denial of Civ.R. 60(B) relief and holding that "a pro se litigant has an obligation to keep the trial court informed of any change of address"); Castle Farms v. Smith (Dec. 26, 1995), Brown App. No. CA95-08-012, unreported (construing Civ.R. 11 in case where prose appellants' answer did not include their address, and holding that where service of summary judgment was mailed to appellants' last known address, trial court did not err in denying appellants' Civ.R. 60(B) motion).
Finally, defendant has filed a "motion to strike factual allegations not in the record from appellee's brief." Defendant's motion is denied on the basis that "[t]his court is capable of confining its review of this case to the record before us and matters de hors the record are not considered by this court in reaching its decision." Ameritrust CompanyNational Assoc. v. Hicks Development Corp. (Dec. 22, 1992), Franklin App. No. 92AP-290, unreported.
Based upon the foregoing, defendant's first, second, third and fourth assignments of error are overruled, defendant's motion to strike is denied, and the judgment of the trial court is hereby affirmed.
Judgment affirmed.
BRYANT and TYACK, JJ., concur.
[1] The trial court, in its decision overruling defendant's motion to vacate, indicated that defendant's address in the court system at that time was 303 Apache Circle, Westerville, Ohio. However, a review of the record indicates that defendant's address was not listed in the court system as 303 Apache Circle until November 13, 1997, at which time an "address correction" was entered, noting defendant's "old address" as 300 Apache Drive, and the current address as 303 Apache Circle.