[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Charles Anaigolu, appeals the judgment of the trial court denying his Civ.R. 60(B)(5) motion for relief from an October 31, 1996, child-support order.
In his sole assignment of error, Anaigolu argues the trial court erred in denying his Civ.R. 60(B)(5) motion because the October 1996 child-support order was based upon misrepresentations of his income. Civ.R. 60(B) provides,
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under subdivision (B) does not affect the finality of a judgment or suspend its operation.
 In order to prevail on a motion for relief from judgment under Civ.R. 60(B), a party must demonstrate the following: (1) it has a meritorious defense or claim to present if relief is granted; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) its motion has been made within a reasonable time. Where the grounds for relief are those in Civ.R. 60(B)(1), (2), or (3), the motion must not be made more than one year after the judgment, order, or proceeding was entered or taken.[1] These three requirements are independent and in the conjunctive; thus, a party is not entitled to relief if it cannot meet any one of the requirements.[2] We review a decision on a Civ.R. 60(B) motion under an abuse-of-discretion standard.[3]
The record reveals that a hearing to establish Anaigolu's paternity of a minor child and to set child support was held on October 31, 1996. Anaigolu, a resident of Great Britain, did not attend the hearing, but provided documentation regarding his income, employment, and expenses. The magistrate, relying upon the results of genetic testing and the testimony of Theresa Miller, the child's mother, issued a ruling that Anaigolu was the legal father of the minor child. The magistrate also completed a child-support worksheet and ordered Anaigolu to make monthly child- support payments of $878 effective from the child's date of birth, January 24, 1987. The magistrate based the support order upon documentation provided by Anaigolu regarding his income and expenses, as well as Theresa Miller's testimony regarding Anaigolu's income from other investments.
Anaigolu filed pro se written objections to the magistrate's decision on November 14, 1996. On January 9, 1997, the trial court continued the initial hearing on the objections to May 15, 1997, so that Anaigolu could obtain a transcript of the magistrate's hearing. On May 29, 1997, the trial court, upon review of the transcript, overruled Anaigolu's objections and affirmed the magistrate's decision. Aniagolu did not appear at either hearing, nor did he have counsel present on his behalf.
Anaigolu took no further action on the October 31, 1996, child-support order until May 22, 2000. At that time, Anaigolu, who had been indicted for felony nonsupport, arrested in Atlanta, Georgia, and extradited to Ohio from Atlanta, filed a motion through counsel to modify his child support. Anaigolu also filed a Civ.R. 60(B)(5) motion to set aside the October 31, 1996, child-support order. While the trial court lowered Anaigolu's child support to $339.81 per month, it denied his Civ.R. 60(B)(5) because he had failed to prosecute his earlier objections to the October 1996 child-support order.
Anaigolu argues that the trial court abused its discretion in denying his Civ.R. 60(B)(5) motion for relief from judgment. He contends that the October 31, 1996, child- support order was based solely upon Theresa Miller's misstatements of his income. He also claims that he was never notified of the trial court's decision to affirm the October 31, 1996, child-support order.
Anaigolu asserts that his claim falls under Civ.R. 60(B)(5) and not the more specific provision that deals with misrepresentations by an adverse party. Civ.R. 60(B)(5) applies only when a more specific provision does not apply.[4] Here Civ.R. 60(B)(3) specifically addresses misrepresentations by an adverse party, which is the crux of Anaigolu's argument. Thus, there is no reason to invoke the less specific catchall provision, Civ.R. 60(B)(5).
Additionally, where the grounds of relief from judgment are those in Civ.R. 60(B)(1), (2), or (3), a movant has not more than one year after judgment to file his motion for relief.[5] Anaigolu filed his Civ.R. 60(B) motion in May 2000, approximately three and a half years after the child-support order became effective. The filing fell far outside the one-year time limitation imposed by Civ.R. 60(B)(3). Because Anaiagolu did not meet the requirements under Civ.R. 60(B), the trial court did not abuse its discretion in denying his motion for relief from judgment. As a result, we overrule Anaigolu's sole assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Sundermann, JJ.
[1] See GTE Automatic Elec. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.
[2] See id. at 151, 351 N.E.2d at 116.
[3] See Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20, 520 N.E.2d 564, 566.
[4] See Caruso Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66,448 N.E.2d 1365, 1367.
[5] See Civ.R. 60(B).