OPINION
Danbert, Inc. ("Danbert"), plaintiff-appellant, filed an action against the city of Dublin, defendant-appellee, on September 17, 1999, seeking $160,000 damages that was allegedly caused to Danbert by the failure of the city of Dublin to relocate utilities causing delay and additional expense to Danbert. Danbert was a subcontractor of the George I. Igel Company ("Igel"), who had been awarded the contract by Dublin for the Emerald Parkway Phase II project on May 2, 1996. Plaintiff's complaint sets forth four bases for recovery. The first count is for breach of contract and failure to relocate the utilities in a timely fashion. The fourth count states that plaintiff was entitled to the assignment of Igel's rights in regard to any breaches of defendant. The second count alleges that Dublin violated R.C. 153.64 in its performance in relation to the project. The third count is for unjust enrichment which plaintiff now concedes is not applicable.
Defendant filed an answer to the complaint alleging seventeen defenses, including failure to state a claim upon which relief could be granted, as well as various contractual defenses based upon a contract between Dublin and Igel.
On April 28, 2000, defendant filed a motion to dismiss plaintiff's complaint, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted. A copy of the motion was sent to plaintiff's counsel and not returned. On May 31, 2000, the trial court sustained defendant's motion to dismiss which had not been contested by plaintiff and granted final judgment to defendant. The decision and judgment entry was sent to plaintiff's counsel at the correct address on June 15, 2000. A cost bill for the case's termination was also sent to plaintiff's counsel, and the record shows that the cost bill was paid by him. The record does not reflect the return of any mail addressed to plaintiff's counsel.
On November 28, 2000, plaintiff filed a motion for relief from judgment pursuant to Civ.R. 60(B). The trial court overruled the motion, finding that plaintiff had failed to demonstrate that it has a meritorious claim to present if relief is granted.
Plaintiff appeals from the judgment of the trial court overruling his motion for relief from judgment asserting the following assignment of error:
 The trial court erred as a matter of law and abused its discretion when it denied Danbert's motion for relief from judgment on the basis that Danbert's complaint failed to state a claim upon which relief could be granted.
There is a three-prong test that must be satisfied before a court may grant a motion brought under Civ.R. 60(B):
 * * * (1) [T]he party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B) (1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B) (1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. [GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus; Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64.]
The Supreme Court of Ohio reaffirmed that the three requirements of GTE are "independent and in the conjunctive not the disjunctive." Id. at 66. Thus, relief from judgment may not be granted if any one of the requirements is not met.
Plaintiff argues that he has a meritorious claim to present if relief is granted in the following way:
 * * * An honest review of the complaint clearly indicates that with the exception of Count Three, all of the allegation [sic] give notice to Dublin of good and valid causes upon which relief may be granted.
In order to obtain relief from judgment under Civ.R. 60(B), a movant must set forth operative facts establishing a meritorious claim. In other words, a movant must enlighten the court as to why relief should be granted. The burden is upon the movant to demonstrate that the interest of justice demands the setting aside of a judgment normally accorded finality. Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18. Since in this case plaintiff seeks relief from a judgment holding that the complaint failed to state a claim upon which relief can be granted, the complaint is the sole source that the court must consider in order to determine whether the judgment was properly entered. However, in order to establish that the movant has a meritorious claim to present if relief is granted, a movant should do more than merely state that the complaint, "if honestly read," establishes that there is a meritorious claim unless it is clear that a claim was stated.
The undisputed facts are that defendant entered into a contract solely with Igel, the general contractor on the Emerald Parkway Phase II project. In order to complete the project, Igel subcontracted part of the work out to plaintiff Danbert. Plaintiff sued defendant in two capacities, individually and as assignee of Igel's rights under the contract. All of plaintiff's claims are predicated on the contract between defendant and Igel.
In paragraph nine of the complaint, plaintiff did allege that they hold an assignment of all of Igel's rights under the Emerald Parkway Phase II project between Igel and Dublin. However, the contract upon which that claim is based, the contract between defendant and Igel, specifically prohibits the assignment of any portion, right, title or interest in the contract. Furthermore, the terms of the contract prevent parties other than the original parties to the contract from pursuing claims against the defendant. Thus, since the contract between plaintiff and Igel is referred to and part of the complaint, its provisions may be considered in order to determine whether a meritorious claim has been presented. Neither the trial court nor this court was provided any specific reason other than a general assertion that the above-provision was ambiguous and unenforceable as to why a lawsuit alleging a breach of contract by defendant can be commenced by anyone other than Igel. We find the provision to be enforceable. Danbert, a subcontractor of Igel, had no standing to sue Dublin.
For that reason, the trial court did not abuse its discretion in finding that plaintiff failed to demonstrate that he has a meritorious claim to present if relief is granted.
Although the trial court did not decide whether plaintiff had established excusable neglect, it seems clear from the face of the record that the trial court could have denied relief from judgment because plaintiff failed to demonstrate excusable neglect.
Plaintiff's claim of excusable neglect is predicated upon his affidavit and the affidavit of Joseph Merrelli, the owner of the building which plaintiff's counsel had his office during the first five/six months of the year 2000. Plaintiff's counsel avers that he did not receive some of his mail, including credit card bills, client papers and court documents during that time. Plaintiff's counsel also alleges that he did not receive a copy of Dublin's motion to dismiss. Even if those allegations are taken to be true, the neglect appears to be inexcusable. Excusable neglect does not apply if there is a complete disregard of the judicial system. Kay v. Marc Glassman, Inc., supra. The determination of whether excusable or inexcusable neglect occurred must take into consideration all of the surrounding facts and circumstances. Griffey v. Rajan (1987), 33 Ohio St.3d 75.
We have previously outlined some of the facts illustrating plaintiff's disregard for the judicial system. Additionally, we note that defendant filed its motion to dismiss on April 28, 2000, well before the trial court's dispositive motion cut-off date. The court's original case scheduling order set this matter for trial on September 14, 2000. Plaintiff, apparently aware of improper mail delivery, made no effort to check the court file or to do anything with the case. Counsel who is not receiving mail service properly can not just sit on his hands and do nothing.
Plaintiff's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and TYACK, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution