OPINION
{¶ 1} Appellant, the Clinton County Children Services Board ("CCCSB"), appeals a decision of the Clinton County Court of Common Pleas, granting the motion of appellee, David Hart, to set aside judgment pursuant to Civ.R. 60(B)(5) in a permanent custody action. We affirm the decision of the trial court.
 {¶ 2} Appellee is the biological father of Kristen Schutte, born July 21, 1993. Kristen was placed in the custody of CCCSB due to her mother's drug dependency and her father's absence. When Kristen's mother did not respond to case plan services, CCCSB filed a motion requesting permanent custody of the child. At the time of the motion, appellee had not seen his daughter, nor provided for her support, for a period of some years. CCCSB was unable to locate appellee and consequently served him by publication pursuant to Juv.R. 16(A) and R.C. 2151.29. Service by publication was perfected on January 30, 2002, as reflected in a trial court entry, and a hearing on the permanent custody motion was set for March 1, 2002.
 {¶ 3} On February 19, 2002, appellee was arrested on an outstanding warrant and held in the Clinton County Jail until March 5, 2002. The permanent custody hearing took place as scheduled on March 1, 2002. Appellee first became aware of the permanent custody proceeding when, at a March 28, 2002 pretrial related to his criminal charges, a CCCSB caseworker informed him that the permanent custody hearing had taken place earlier in the month.
 {¶ 4} The permanent custody motion was granted in an entry filed April 11, 2002. Appellee appealed this decision and later filed a Civ.R. 60(B) motion to set aside judgment. This court remanded the matter to the trial court to consider appellee's Civ.R. 60(B) motion. After a hearing on the matter, the trial court granted appellee's motion[1] and set aside its entry granting permanent custody of appellee's child to CCCSB. CCCSB appeals, raising two assignments of error.
Assignment of Error No. 1
 {¶ 5} "The trial court erred in finding that properly executed and perfected service by publication was inadequate because the father was subsequently arrested prior to the permanent custody hearing."
 {¶ 6} CCCSB first contends that the trial court erred by finding that service by publication was inadequate. Relevant to service by publication in juvenile proceedings, R.C. 2151.29 provides that, whenever it appears by affidavit that after reasonable effort the person to be served cannot be found or his post-office address ascertained, the clerk shall publish the summons once in a newspaper. After a period of one week has elapsed, the juvenile court is vested with full jurisdiction over the matter. See also, Juv.R. 16(A), Civ.R. 4.
 {¶ 7} In granting appellee's motion for relief from judgment, the trial court observed that "Service of Process on the Motion for Permanent Custody and Notice of hearing were perfected on [appellee] by publication on January 30, 2002, as found by this Court in its Entry of February 8, 2002[.]" The trial court concluded that:
 {¶ 8} "Where the Prosecutor's Office represents CCCS[B], it was incumbent upon CCCS[B] by its attorney to give notice reasonably calculated to actually notify [appellee] of the pendency of the permanent custody proceeding which sought to completely and permanently deprive him of all residual parental rights. Where the Court has found that knowledge of the whereabouts of [appellee] is imputed to [the assistant prosecuting attorney representing CCCSB], service by publication was inadequate where service could have been obtained by either personal service or certified mail service upon [appellee] as a prisoner in the Clinton County jail prior to the permanent custody hearing."
 {¶ 9} We agree with appellee's assertion, and the stipulation of the parties made at the hearing on the Civ.R. 60(B) motion, that service was perfected by publication on January 30, 2002. Once perfected, the juvenile court was vested with jurisdiction over the permanent custody proceeding. R.C. 2151.29. Thus, to the extent that the trial court's decision indicates that service by publication was legally insufficient in the permanent custody proceeding, CCCSB's first assignment of error is sustained. However, this error was not prejudicial to CCCSB, as demonstrated in our resolution of the second assignment of error, and we are therefore not compelled to reverse the decision of the trial court. See App.R. 12(B).
Assignment of Error No. 2
 {¶ 10} "The trial court abused its discretion by granting the motion for relief from judgment without making findings in compliance with GTE Automatic Electric v. ARC Industries."
 {¶ 11} To obtain relief from judgment under Civ.R. 60(B), the movant must demonstrate: (1) the existence of a meritorious defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) that the motion for relief was filed within a reasonable time. GTE Automatic Elec., Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. A reviewing court will not reverse a grant of Civ.R. 60(B) relief absent a finding of an abuse of discretion. Id. at 148.
 {¶ 12} Appellee's motion was premised on Civ.R. 60(B)(5) which provides that the trial court may relieve a party from a final judgment for any "reason justifying relief from that judgment." The rule is intended as a catch-all provision reflecting the inherent power of the trial court to relieve a person from the unjust operation of a judgment.Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66. Applying this rule, the trial court found an "unusual quirk" in the facts of this case — that the prosecutor's office had knowledge of appellee's incarceration in the county prior to the permanent custody hearing — warranted granting appellee's request for relief from judgment.
 {¶ 13} The parties stipulated to most of the pertinent facts in this matter: Appellee was incarcerated at the Clinton County jail prior to the permanent custody hearing. The Clinton County Prosecutor's office represented the CCCSB at the permanent custody hearing and was aware of appellee's incarceration. Given these unusual facts, and given that this matter involves a permanent custody proceeding which seeks to permanently divest appellee of his parental rights, we do not find that the trial court's decision granting appellee's motion for relief from judgment is an abuse of discretion. We find no abuse, even though appellee was earlier served by publication. While the trial court was not strictly obliged to grant the Civ.R. 60(B) motion, it acted well within its discretion by finding that justice requires that the judgment granting permanent custody be set aside so that appellee can be present at a hearing on the permanent custody motion.
 {¶ 14} We further find that evidence was presented which satisfies the remaining requirements enumerated in GTE Automatic. Appellee filed his motion for relief from judgment shortly after the permanent custody motion was granted and well within one year of its entry. While the record contains scant evidence related to appellee's alleged meritorious defense, it does demonstrate that appellee opposes the permanent custody motion and that either he or his mother may have the ability to parent the child.
 {¶ 15} Upon review of the record, we find that the trial court's decision in this matter is not an abuse of discretion. Because the law favors resolving issues on their merits rather than technicalities, doubt concerning whether to set aside this judgment must be resolved in appellee's favor. GTE Automatic Elec. at paragraph three of the syllabus. The second assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and YOUNG, J., concur.
[1] The trial court repeatedly characterized appellee's motion as a "Motion for New Trial," when the motion filed by appellee was in fact a Civ.R. 60(B) motion for relief from judgment. While the trial court's nomenclature is incorrect, we observe that there is no indication that either party or the court was confused as to the nature of the motion, nor does either party allege that the trial court incorrectly applied the legal standard applicable to a motion for a new trial.