MOORE, Appellee,

v.

MOORE, Appellant.

[Cite as *Moore v. Moore*, 158 Ohio App.3d 489, 2004-Ohio-5293.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20482.

Decided Sept. 24, 2004.

Harry P. Rife, for appellee.

James R. Kirkland, for appellant.

BROGAN, Judge.

{¶ 1} Robert Moore appeals from the judgment of the Montgomery County Domestic Relations Court wherein the court denied Moore's motion for relief from judgment, which he filed pursuant to Civ.R. 60(B).

{¶ 2} Robert and Judith Moore were married in 1971 and had one daughter, Tamara, as issue of their marriage, who is now emancipated. On June 3, 1996, the Moores were granted a dissolution of their marriage. The dissolution decree provided that Robert would pay spousal support to Judith in the amount of $750 per month. The decree also provided the following:

{¶ 3} "The issue of spousal support is not subject to the continuing jurisdiction of this Court as to permanency of duration, except that spousal support will terminate upon the death of either party or the remarriage of Wife, and spousal support is subject to review in the event Wife cohabits with a male not related by marriage.

{¶ 4} "The amount of monthly spousal support is subject to the continuing jurisdiction of the Court in the event of significant change of financial circumstances."

{¶ 5} On January 12, 2004, Robert Moore moved for relief from the final decree of dissolution pursuant to Civ.R. 60(B)(5). In his motion, Moore asserted that Judith had undergone a surgical sex-change procedure and is now a male. Further, Moore asserted that Judith was proceeding in society as a male and now has a girlfriend. Moore requested that the court terminate his spousal support because of Judith's sex change.

{¶ 6} The trial court overruled Moore's motion and found that the sex change of Judith did not constitute grounds for relief from the decree of dissolution. The court noted that Moore had not asserted that there had been "an event of significant change of financial circumstances" nor that Moore was cohabiting with another. The court denied Moore's motion without providing a hearing.

{¶ 7} In three interrelated assignments of error, Moore contends that the trial court erred in denying his motion without a hearing and in determining that Judith Moore's sex-change operation standing alone was insufficient grounds for relief from the decree of dissolution.

{¶ 8} Civ.R. 60(B)(5) is intended as a catchall provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any other provision of Civ.R. 60(B). The grounds for invoking Civ.R. 60(B)(5) should be substantial. The trial court's ruling upon the motion is subject to review on an abuse-of-discretion standard. *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365.

{¶ 9} Moore argues that he did not contemplate that his former wife·would have a sex change after they were divorced. He argues that the cohabitation provision in the continuing-jurisdiction provision in the decree is now meaningless in light of Judith's sex change. He notes that if Judith were to cohabit with a female the court would not retain jurisdiction to alter the spousal-support provision in the decree. He also argues that "considering the disparity in earning power between the sexes," the court should have at least revisited the spousal-support order.

{¶ 10} Judith argues that the trial court properly overruled Robert's motion without a hearing because the court properly found that standing alone Judith's alleged sex change was not grounds for Civ.R. 60(B) relief. She notes that the parties agreed to the spousal-support provision, and the trial court's decree reflects the lengthy nature of their marriage and their employment histories.

{¶ 11} The trial court properly overruled Robert's motion. Judith's alleged sex change, without more, provides no basis for the court to revisit the spousal-support provisions of the parties' decree. Moore's allegation that Judith now has a girlfriend does not change matters. Should the girlfriend move in with Judith

and begin contributing to the financial upkeep of Judith, this might form the basis for the court's revisiting the matter of spousal support because of a "significant change in Judith's financial circumstance." See *Perri v. Perri* (1992), 79 Ohio App.3d 845, 608 N.E.2d 790.

{¶ 12} The appellant's assignments of error are overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

GRADY and FREDERICK N. YOUNG, JJ., concur.