{¶ 72} I wrote a separate, concurring opinion in the prior appeal for two reasons. *Page 23 
The first was to illustrate how the division of marital property in this case was unequal, citing for that purpose our holding in Layne v.Layne (1992), 83 Ohio App.3d 559. My second reason was to make Defendant-Appellant Hendrickson aware of Civ. R. 60(B)(5) as a basis to seek the relief she wants, though not because I necessarily believed she would prevail. Rather, my purpose was to suggest an alternative in which all issues and matters relevant to the relief to which Hendrickson might be entitled could be litigated, which to that point had not happened.
 {¶ 73} I do not agree that Hendrickson necessarily failed to seek Civ.R. 60(B)(5) relief within a reasonable time because her motion was filed thirteen years after the decree. The decree divided the parties' right to Plaintiff-Appellee Jackson's pension, but Hendrickson was unaware of the effect of that division until she was notified of the amount of her share, many years later, after Jackson had retired. On the other hand, Jackson's decision to retire at that point in time could have been affected by Hendrickson's delay in acting, if he believed his net benefit would be the amount he then would retain, as he probably did.
 {¶ 74} However, Hendrickson then waited another two years before she filed a motion asking the court to construe her rights under the decree. Most people don't sit, waiting to grab their hat and run to a lawyer when a problem occurs, especially when that involves revisiting a long-ago and difficult divorce. However, by waiting two years to do that, Hendrickson slumbered on her rights, and the record contains no compelling justification for her inaction.
 {¶ 75} More significantly, as Judge Fain points out, the record demonstrates that the grounds for relief on which Hendrickson principally relies is "mistake," which is a *Page 24 
ground for relief allowed by Civ.R. 60(B)(1). Alternatively, Hendrickson suggests misconduct on the part of Jackson, which may be a ground for relief under Civ.R. 60(B)(3). Grounds for relief which are made available by other divisions of Civ.R. 60(B) may not be invoked as grounds for the catch-all provisions of Civ.R. 60(B)(5).Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64. Therefore, even absent a finding that Hendrickson did not file her Civ.R. 60(B)(5) motion within a reasonable time, the relief she sought is barred. My purpose was to permit Hendrickson an opportunity to explore that issue fully, in view of the substantial cost to her resulting from the division of Jackson's retirement benefit to which Hendrickson unfortunately agreed. *Page 1