{¶ 21} I concur in the majority's decision to affirm the trial court's judgment but do so using a somewhat different analysis.
 {¶ 22} To the extent Appellant asserts lack of personal jurisdiction as the basis for her Civ. R. 60(B)(5) motion, I find this legal argument was capable of being raised on direct appeal. Civil Rule 60(B) is not a substitute for a direct appeal. Having failed to timely appeal from the default judgment, this argument is barred by res judicata.
 {¶ 23} Despite how she may have characterized her claim, I believe Appellant's motion for relief is essentially one asserting excusable neglect; i.e., she never filed an answer because she never received the complaint. Civ. R. (60)(B)(5) is not to be used as a substitute for a more specific provision in Civ. R. 60(B). Caruso-Ciresi, Inc. v.Lohman (1983), 5 Ohio St.3d 64. Regardless whether considered under (B)(1) or (B)(5), I concur Appellant's motion was untimely filed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1