[Cite as *Reining v. Jensen*, 2011-Ohio-5065.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| JANEANE D. REINING | | C.A. No. 25577 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ERIC R. JENSEN, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | | CASE No. CV 2008 12 8883 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2011

---

BELFANCE, Presiding Judge.

{¶1} Plaintiff-Appellant Janeane Reining appeals the trial court's denial of her Civ.R. 60(B) motion. For the reasons stated below, we affirm.

I.

{¶2} Ms. Reining was injured in an automobile accident on August 8, 2007, by a vehicle driven by Defendant Eric Jensen. Ms. Reining suffered serious injuries from the collision.

{¶3} On December 30, 2008, Ms. Reining filed suit against Mr. Jensen, John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Entities 1-10 asserting claims for negligence and negligent infliction of severe emotional distress. Ms. Reining amended the complaint to add Appellee Home Owners Insurance Company ("Home Owners") as a defendant and asserted a claim for breach of contract

based upon Ms. Reining's uninsured/underinsured automobile insurance policy with Home Owners. Home Owners filed a cross-claim against Mr. Jensen.

{¶4} Subsequently, Ms. Reining entered into a settlement agreement with Mr. Jensen and all claims against him were dismissed with prejudice. It appears from the record that Mr. Jensen's insurance company was to pay Ms. Reining $100,000. In addition, Home Owners dismissed its cross-claim against him. Prior to trial, Ms. Reining dismissed all Doe Defendants from the suit.

{¶5} The matter proceeded to a jury trial. During deliberations, the jury posed the following question to the trial court: "If we render a verdict in favor of the plaintiff, is the maximum of $250,000 inclusive of the $100,000 or is it in addition to the $100,000 already settled? What is the maximum amount of the decision?" The questions were discussed among counsel and the trial court, and it was agreed that, as "there is no evidence before the jury with regard to amounts of the policy, [] to answer [the] question[s] would be basically be to respond to something that is not in evidence." Accordingly, the parties agreed to provide the jury with the following answer: "If you render a verdict in favor of the plaintiff, your job is to determine the total amount of damages that will compensate her. The Court will make any legally required adjustment."

{¶6} The jury returned a general verdict for Ms. Reining in the amount of $100,000 "as decided in Jury Interrogatory No. 4." In addition, the jury completed interrogatories to which Ms. Reining did not object. In Jury Interrogatory No. 1, the jury found that Mr. Jensen's negligence proximately caused Ms. Reining's injuries. In Jury Interrogatory No. 2, the jury was instructed to "[s]tate the portion of the total compensatory damages that represents damages for economic loss." In response, the jury wrote in the sum of $50,000. In Jury Interrogatory No. 3,

the jury was instructed to "[s]tate the portion of the total compensatory damages that represents damages for non-economic loss." In response, the jury wrote in the sum of $50,000. In Jury Interrogatory No. 4, the jury was instructed to "[s]tate the total compensatory damages recoverable by [Ms. Reining] without considering any payment by Defendant, [Mr.] Jensen." In a parenthetical, the jury was instructed to "[a]dd the amounts listed in Interrogatory Nos. 2 and 3." In response, the jury wrote in the sum of $100,000.

{¶7} Ms. Reining declined the opportunity to poll the jury or view the interrogatories. After the jury was released, Home Owners' counsel made the following statement:

> "Well, actually there is the contractual, I want just to make clear that since the verdict is for $100,000, it is now not an underinsured motorist case, and there is no money due and owing plaintiff by defendant Home-Owners Insurance Company under the terms of the contract. And there is still the $5,000 med pay issue that was raised in defendant's trial brief."

The trial court responded that "this case is about the underinsured, I don't think [Ms. Reining's counsel] takes any issue with the first statement with regard to that. Am I correct?" To which, Ms. Reining's counsel responded, "[n]o, I don't."

{¶8} Thereafter, the trial court entered a judgment entry stating:

> "The Jury having returned its verdict in favor of Plaintiff Janeane Reining in the amount of $50,000.00 for economic damages and $50,000.00 for non-economic damages (total compensatory damages of $100,000.00), the Court hereby adopts the verdict of the Jury and finds the issues in this case in favor of Plaintiff Janeane Reining and against Defendant Home Owners Insurance Company. However, based upon the parties' agreement following the return of the $100,000.00 Plaintiff's verdict, the Court finds that the underinsured policy is not applicable in this matter and no money is due and owing to the Plaintiff Janeane Reining from Defendant Home Owners Insurance Company."

{¶9} Ms. Reining then filed a motion to modify the judgment pursuant to Civ.R. 60(B)(1) and 60(B)(5) and a motion for judgment notwithstanding the verdict. Attached to the motion were affidavits from five jurors averring that "[t]he award of $100,000.00 was solely

against Defendant Home Owners Insurance Company and was over and above the $100,000.00 paid by Eric Jensen." Before the motion could be ruled upon, Ms. Reining appealed. She then moved this Court for a stay and remand; however, instead, this Court dismissed the appeal. The trial court denied Ms. Reining's motion. Ms. Reining appealed, and Home Owners filed a cross-appeal. The cross-appeal, however, was dismissed. Ms. Reining has appealed from the verdict judgment entry and associated jury interrogatories and the judgment entry ruling upon Ms. Reining's Civ.R. 60(B) motion and her motion for judgment notwithstanding the verdict. Ms. Reining raises a single assignment of error for our review.

## II.

### ASSIGNMENT OF ERROR

"THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO MODIFY JUDGMENT, PURSUANT TO CIV.R. 60(B)."

{¶10} Ms. Reining asserts in her sole assignment of error that the trial court erred in denying her Civ.R. 60(B) motion. While Ms. Reining stated her motion in terms of Civ.R. 60(B)(1) and (B)(5), she only appears to appeal the denial of her motion with respect to Civ.R. 60(B)(5).

{¶11} The trial court's decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) will not be disturbed absent an abuse of discretion. *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. Civ.R. 60(B) states:

"the court may relieve a party or his legal representative from a final judgment, order or proceeding for for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under

Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."

Furthermore, it is well settled that:

"To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time[.]" *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.

The denial of a Civ.R. 60(B) motion is proper if the moving party fails to satisfy any one of the foregoing requirements. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20.

{¶12} "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. However, the grounds for invoking said provision should be substantial." *Caruso-Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 66.

{¶13} In her Civ.R. 60(B) motion in the trial court, Ms. Reining's assertion was that "the court erred in offsetting against the verdict the amount paid by Mr. Jensen [in the settlement]. The court was mistaken as to [the] jury's thinking with respect to the award of $100,000.00 in favor of Plaintiff against Home Owners." While Civ.R. 60(B)(5) "justifies relief from court errors and omissions[,] * * * such errors and omissions in the judicial process that are the appropriate subject of Civ.R. 60(B)(5) are "distinct from an erroneous judgment[, which] will not justify relief under this catch-all provision." (Internal quotations and citations omitted.) *In re S.J.,* 9th Dist. No. 23199, 2006-Ohio-6381, at ¶23. We recognize that in some instances, the distinction between legal error which is addressed on direct appeal and grounds for relief from

judgment is at times difficult to discern. However, we conclude that in this case, Ms. Reining essentially asserts that the trial court committed a legal error when it improperly offset the settlement funds against the verdict. As Ms. Reining's Civ.R. 60(B)(5) motion was "nothing more than a challenge to the legal correctness of the trial court's original [judgment,] she has not demonstrated that she is entitled to relief under Civ.R. 60(B)(5)." Id. at ¶24.

{¶14} Notably, the case that Ms. Reining asserts is dispositive of her appeal, *Jordan v. Westfield Ins. Co.*, 7th Dist. No. 07 MA 18, 2008-Ohio-1542, was a direct appeal, and not an appeal from a denial of a motion for relief from judgment. Unlike *Jordan,* Ms. Reining has limited her argument to the trial court's denial of the 60(B)(5) motion.

{¶15} Furthermore, we cannot say that Ms. Reining has demonstrated a meritorious defense, even assuming that relief would be appropriate under Civ.R. 60(B)(5). During deliberations, the jury asked the following: "If we render a verdict in favor of the plaintiff, is the maximum of $250,000 inclusive of the $100,000 or is it in addition to the $100,000 already settled? What is the maximum amount of the decision?" The question was discussed on the record and the agreed upon answer was: "If you render a verdict in favor of the plaintiff, your job is to determine the total amount of damages that will compensate her. The Court will make any legally required adjustment." The premise of Ms. Reining's argument in her merit brief is that there is no evidence in the record that the jury was actually provided with this answer, and thus, "because the trial court failed to instruct the jury regarding setoff or adjustment, the jury was free to conduct its own adjustment, which it did so, by entering a verdict against Home Owners, specifically." We disagree. The record includes a notepad containing the jury's question. Immediately below the question, is the answer the parties agreed to provide the jury along with the trial judge's initials. Ms. Reining has not asserted that if the jury was actually

given this instruction, the verdict is nevertheless still erroneous. Accordingly, her argument is not well taken.

{¶16} Moreover, when Home Owner's counsel brought up how the award should be adjusted just after the jury was released, the following discussion took place:

> "[Home Owners' counsel]: Well, actually there is the contractual, I want just to make clear that since the verdict is for $100,000, it is now not an underinsured motorist case, and there is no money due and owing plaintiff by defendant Home-Owners Insurance Company under the terms of the contract. * * *

> "THE COURT: All right. Well, this case is about underinsured, I don't think [Plaintiff's counsel] takes any issue with the first statement with regard to that. Am I correct?"

> "[Plaintiff's counsel]: No, I don't."

Ms. Reining's counsel failed to object or comment upon the suggested set off. Despite the fact that the discussion was ambiguous, in the judgment entry, the trial courted characterized this discussion as an agreement. The trial court stated that "the parties agreed after the verdict was read on the record that because the Plaintiff's verdict was $100,000.00 the underinsured policy was not applicable." The trial court reiterated this several lines later, stating that "based upon the parties' agreement following the return of the $100,000.00 Plaintiff's verdict, the Court finds that the underinsured policy is not applicable in this matter and no money is due and owing to Plaintiff Janeane Reining from Defendant Home Owners Insurance Company." While Ms. Reining asserted in her motion for judgment notwithstanding the verdict that there was no such agreement, the trial court's denial of her motion for judgment notwithstanding the verdict is not before us on appeal, nor did she make this argument in her Civ.R. 60(B) motion in the trial court.

{¶17} Accordingly, based upon the limited argument advanced by Ms. Reining, we overrule Ms. Reining's assignment of error.

III.

**{¶18}**  In light of the foregoing, we overrule Ms. Reining's sole assignment of error and affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(E).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR

APPEARANCES:

ROBERT C. MEEKER, Attorney at Law, for Appellant.

MARILYN J. SINGER, Attorney at Law, for Appellees.