OPINION
{¶ 1} John Brunstetter, Harold Brunstetter, Marie Jack, and Marlaina Thompson ("appellants") appeal from the denial of their Civ.R. 60(B) motion for relief from judgment by the Trumbull County Court of Common Pleas, Probate Division. Appellants sought relief from a judgment entered by the probate court determining a number of motions before the court related to the guardianship of appellants' father, Milford H. Brunstetter.
 {¶ 2} On April 22, 1997, probate court found that Milford Brunstetter was incompetent by reason of mental disability. Brunstetter suffered a debilitating stroke on May 23, 1996. Probate court appointed attorney Patricia Spencer as guardian of Brunstetter's estate after appellant John Brunstetter filed an application for the appointment of a guardian over his father's person and estate. This court upheld the finding of incompetency and the appointment of Spencer as guardian of Brunstetter's estate. In re Guardianship of Brunstetter, (Aug. 7 1998), 11th Dist. No. 97-T-0089.
 {¶ 3} A hearing scheduled for September 21, 1999 was continued on motion of Arlene Kinkade, Brunstetter's daughter. A status conference was scheduled for October 7, 1999. The record reflects that subpoenas were issued for witnesses to appear for a October 7, 1999 hearing. The magistrate's report regarding the hearing states that the attorneys and their clients were present and that all parties stipulated to a resolution of the motions. The motions determined were to turnover assets, to establish support for Brunstetter, to show cause, for fees, and for payment for services rendered.
 {¶ 4} On October 20, 1999, the trial court issued a journal entry, prepared by attorney Spencer, stating that a hearing on the motions pending in the case was held on October 7, 1999. The court found that all interested parties were present and that a settlement of the pending issues was negotiated and stipulated to by the parties.
 {¶ 5} On May 11, 2000, appellants filed a pro se motion with the court asking for a hearing on the issues determined at the October 7, 1999 hearing. Appellants stated that attorney Leo Keating did not seek their agreement to the terms negotiated at that hearing. The movants alleged forging of documents occurred, that undue influence was exerted over their father, and that any signing of a general power of attorney was illegal.
 {¶ 6} On October 12, 2000, an attorney for appellants filed a Civ.R. 60(B)(3) and (5) motion to set aside the October 20, 1999 judgment entry. Appellants argued that the order was deficient because it only was approved by Leo Keating, the attorney representing appellant John Brunstetter. They further disputed the award of title to certain real property to their sister, Arlene Kinkade. Appellants claimed they could not have approved of the award of attorney's fees as they lacked any evidence regarding the appropriateness of those fees. Further, appellants stated they were not present at the negotiations at the hearing and, therefore, did not agree to the settlement. Appellants asserted that Marlaina Thompson, alleged to be present at the hearing in the judgment entry, did not in fact attend. Brunstetter died in July of 2001.
 {¶ 7} On December 17, 2001, probate court issued a judgment entry finding that the stipulation and agreement of the parties was entered on the record in open court, without objection by appellants. Appellants had not appealed the October 7, 1999 judgment. The court found that the Civ.R. 60(B) motion was not filed within a reasonable time. The court further found that attorney Leo Keating signed the agreement on behalf of John Brunstetter. The court imputed Keating's actions to John Brunstetter. The court stated that relief from judgment will not be granted where it is alleged that an attorney exceeded his settlement authority. The court found that Civ.R. 60(B)(3), concerning fraud, applies to the conduct of an adverse party, and not the actions of a party's own attorney. The court overruled appellants' Civ.R. 60(B) motion.
 {¶ 8} Appellant assigns the following error for review:
 {¶ 9} "The Probate Court erred in its denial of Appellants' Motion for Relief from Judgment under Ohio Civil Rule 60(B)."
 {¶ 10} In their sole assignment of error, appellants contend the probate court erred in denying their Civ.R. 60(B) motion for relief from judgment. Appellants argue they are seeking their day in court and deserve a full hearing of the issues in dispute. Appellants argue that Leo Keating, attorney of appellant John Brunstetter, told the probate court that counsel agreed to the stipulations. Appellants assert their assent was necessary, although all but appellant Marlaina Thompson admittedly were present in court at the time the stipulations were read into the record. Appellants argue that the court scheduled a status conference for that day and not a full hearing, depriving them of notice.
 {¶ 11} A movant for relief from judgment under Civ.R. 60(B) must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE Automatic, Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The motion should be denied if the movant fails to meet all three of the GTE
requirements. Svoboda v. Brunswick (1983), 6 Ohio St.3d 348. The burden is on the movant to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality. Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17.
 {¶ 12} A ruling on a motion for relief from judgment is left to the sound discretion of the trial court. The trial court's decision will not be overturned on appeal absent an abuse of that discretion. Griffeyv. Rajan (1987), 33 Ohio St.3d 75, 77. To constitute an abuse of discretion, the trial court's ruling "must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." Nakoffv. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256.
 {¶ 13} Civ.R. 60(B)(3) is triggered by the fraud, misrepresentation, or misconduct of an adverse party while Civ.R. 60(B)(5) applies when a movant alleges fraud upon the court, perpetuated by an officer of the court. Civ.R. 60(B)(3) and (5) are mutually exclusive in their application. McCollum v. McCollum (June 19, 1998), 11th Dist. No. 97-T-0159, 1998 Ohio App. LEXIS 2755. Appellants have not alleged that the conduct of an adverse party was fraudulent. Therefore, Civ.R. 60(B)(3) is not applicable. Appellants only could seek relief from the judgment under Civ.R. 60(B)(5).
 {¶ 14} Civ.R. 60(B)(5) is a catch-all provision that reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, paragraph one of the syllabus. The grounds for relief must be substantial. Id. It is to be used only in extraordinary and unusual cases when the interests of justice warrant it. Adomeit v. Baltimore (1974),39 Ohio App.2d 97. The provision is not to be used as a substitute for any of the more specific provisions of Civ.R. 60(B). Strack v. Pelton
(1994), 70 Ohio St.3d 172. Although not subject to the one-year limitation imposed on Civ.R. 60(B)(1)-(3) motions, a Civ.R. 60(B)(5) motion still must be brought within a reasonable period of time. The determination of what is a reasonable time is left to the sound discretion of the trial court. Even unjustified delays of less than a year can be untimely for Civ.R. 60(B) purposes. A movant must offer some operative facts or evidential material demonstrating the timeliness of his or her motion. Shell v. Cryer, 11th Dist. No. 2001-L-083, 2002-Ohio-848, 2002 Ohio App. LEXIS 860.
 {¶ 15} The court determined appellants' motion was untimely. The judgment entry at issue was filed on October 19, 1999, and the Civ.R. 60(B) motion was filed on October 12, 2000. Appellants bore the burden of explaining why their motion was brought within a timely manner. Appellants failed to do so in their motion below. Appellants only conclude that the motion was timely. Appellants obviously were aware of the terms of the stipulations and settlement as they were present in court when the terms were read into the record. Even if appellant Marlaina Thompson was not at the hearing, there is no evidence she did not learn of the settlement soon afterward. Appellants do not explain why they waited nearly a year to file a Civ.R. 60(B) motion for relief. An appellate court generally will not find an abuse of discretion in reviewing a trial court's determination that a Civ.R. 60(B) motion is untimely unless there are evidentiary materials or operative facts in the record showing that the Civ.R. 60(B) motion was filed within a reasonable time. Appellants have presented no such evidence or operative facts. The trial court did not abuse its discretion in finding that appellants' Civ.R. 60(B) motion was not filed within a reasonable time. Appellants' assignment of error is without merit and is overruled. The judgment of the Trumbull County Court of Common Pleas, Probate Division, is affirmed.
WILLIAM M. O'NEILL, P.J., JUDITH A. CHRISTLEY, J., concur.