[Cite as *Tuli v. Tuli*, 2014-Ohio-2330.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| SATVINDER S. TULI, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-T-0092** |
| KULDIP K. TULI, et al. | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 11 DR 333.

Judgment: Affirmed.

*James S. Gentile,* The Liberty Building, 42 North Phelps Street, Youngstown, OH 44503 (For Plaintiff-Appellant).

*John J. Pico,* Betras, Kopp & Harshman, 6630 Seville Drive, Canfield, OH 44406, and *Elise M. Burkey,* Burkey, Burkey & Scher Co., L.P.A., 200 Chestnut Avenue, N.E., Warren, OH 44483 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1}    Plaintiff-appellant, Satvinder S. Tuli, appeals from the Judgment Entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, denying his Motion to Vacate Final Decree of Divorce.  The issue to be determined by this court is whether a trial court abuses its discretion in denying a Civ.R. 60(B) motion when a judgment entry of divorce provided that the plaintiff would be entitled to file such a motion.  For the following reasons, we affirm the decision of the lower court.

{¶2} Satvinder filed a Complaint on September 2, 2011, seeking a divorce from his wife, defendant-appellee, Kuldip K. Tuli. Kuldip filed an Answer and Counterclaim on September 20, 2011.

{¶3} A brief hearing was held in this matter on October 11, 2012. At the hearing, the parties agreed to the division of property and other matters related to the divorce. Both parties testified that they wished to have the divorce granted on the grounds of incompatibility. A Judgment Entry/Final Decree of Divorce was filed on January 17, 2013, which set forth the division of the parties' property and addressed various other issues. Regarding the division of the parties' business interests, specifically Kuldip's business, Shail Jewelers, the Judgment Entry provided, in pertinent part:

> [T]he Defendant has represented that the debt attributable to her as the sole owner of Shail Jewelers is in excess of $150,000.00. * * * Defendant has represented that her business * * * has no value, especially given the fact that she owes in excess of $76,000.00 to the Internal Revenue Service, which obligation she has agreed to hold the Plaintiff harmless thereon.
>
> * * *
>
> In consideration of finalizing this matter on October 11, 2012, an agreement was entered into by and between the parties whereby the Plaintiff will be permitted to pay for a business valuation relative to the Defendant's business known as Shail Jewelers at his sole cost and expense, which valuation shall be completed on or before November 11,

2012. Accordingly, if by clear and convincing evidence the Plaintiff has some credible proof to establish that there is some value in the Defendant's business that would be subject to division as part of the property division in this case, the Plaintiff shall be granted leave until December 11, 2012 to file a Motion pursuant to Ohio Rules of Civil Procedure Rule 60(B).

The Judgment Entry was signed by the judge, Kuldip and her counsel, and Satvinder's counsel.

{¶4} Satvinder filed a Motion to Vacate Final Decree of Divorce on February 15, 2013, and an Amended Motion to Vacate on February 19. In his Motion, he asserted that the business valuation had been performed and that Shail Jewelers had a value of between $180,000 and $190,000. Attached was the valuation, performed by a CPA, which noted that it had been prepared based on historical financial information provided by Satvinder, and did not include an audit or review of "the financial data."

{¶5} Kuldip filed a Response on August 1, 2013, arguing that Satvinder had not timely filed his Motion and raised no grounds to grant Civ.R. 60(B) relief.

{¶6} The trial court issued a Judgment Entry on August 8, 2013, denying the Motion to Vacate. The court found that, although the Motion was timely, there were no meritorious claims or defenses and there were no grounds for relief under Civ.R. 60(B)(1)-(5).

{¶7} Satvinder filed a Motion to Reconsider on September 3, 2013, which was denied on September 23, 2013.

{¶8} Satvinder timely appeals from the August 8 Entry denying his Motion to Vacate and raises the following assignment of error:

{¶9} "The trial court committed prejudicial error in failing to grant the plaintiff-appellant's motion to vacate when the parties reserved the jurisdiction to do so in their judgment entry of divorce and when the trial court failed to divide all the marital assets in accordance with O.R.C. 3105.17."

{¶10} Satvinder argues that "the parties agreed and authorized the filing of the Motion to Vacate under certain conditions," i.e., that Satvinder was reserved a right to file a Civ.R. 60(B) Motion. He asserts that since he was permitted this right, the trial court should not have applied the requirements set forth in Civ.R. 60(B)(1)-(5).

{¶11} Kuldip argues that Satvinder failed to show grounds entitling him to relief under Civ.R. 60(B) and, although Satvinder had the right to file his motion, the trial court was not required to grant it.

{¶12} "A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

{¶13} Civil Rule 60(B) provides as follows:

On motion and upon such terms as are just, the court may relieve a party *

* * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud

4

(whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶14} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶15} We will first determine whether Satvinder satisfied one of the grounds set forth in Civ.R. 60(B)(1) through (5).

{¶16} Satvinder's Motion to Vacate did not specifically state which ground he believed supported granting 60(B) relief. There is no basis relating to fraud or the satisfaction of a judgment, under 60(B)(3) and (4). The valuation report, while it was new evidence, was not newly discovered evidence, in that it was known to the parties that Satvinder wanted to have an appraisal done, that it had not yet been done, and that there was a dispute as to the valuation of Shail Jewelers. *See Gaul v. Gaul*, 11th Dist. Ashtabula No. 2011-A-0065, 2012-Ohio-4005, ¶ 21 ("documents which were not

5

created until after the trial do not constitute 'new evidence' for purposes of seeking relief from a final judgment").

{¶17} Regarding 60(B)(1), it cannot be said that a mistake occurred as to the court's failure to divide Shail Jewelers. The evidence now presented by Satvinder regarding the valuation of the business was not before the court and the parties were not mutually mistaken as to the business valuation. *Auto Owners Ins. Co. v. Feeler*, 11th Dist. Portage No. 2008-P-0025, 2008-Ohio-6886, ¶ 30 ("[a] 'mistake' as used in Civ.R. 60(B)(1) refers to one mutually made by both parties relating to an operative fact"). This court has noted that a "party who failed to have marital property properly valued prior to signing [a] settlement agreement did not qualify for mistake under Civ.R. 60(B)(1)." *KMV V Ltd. v. Debolt*, 11th Dist. Portage No. 2010-P-0032, 2011-Ohio-525, ¶ 29, citing *Hytree v. Hytree*, 11th Dist. Lake No. 93-L-036, 1994 Ohio App. LEXIS 2544, 7-8 (June 10, 1994).

{¶18} The only remaining ground on which to base Satvinder's Motion is 60(B)(5), which allows for relief from the judgment for "any other reason." Civ.R. 60(B)(5) is a catch-all provision that reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus. The grounds for relief under Civ.R. 60(B)(5) must "be substantial." *Id.* "It is to be used only in extraordinary and unusual cases when the interests of justice warrant it." (Citation omitted). *In re Guardianship of Brunstetter*, 11th Dist. Trumbull No. 2002-T-0008, 2002-Ohio-6940, ¶ 14; *Ohio Cas. Ins. Co. v. Valaitis*, 11th Dist. Lake No. 2011-L-062, 2012-Ohio-2561, ¶ 29.

**{¶19}** While Satvinder may argue that this case falls under Civ.R. 60(B)(5), since the parties agreed in the Judgment Entry to allow him to file a 60(B) Motion, he does not provide any support for a finding that the parties' agreement established grounds to grant such a Motion. *See Nealeigh v. Nealeigh*, 2nd Dist. Darke No. 1488, 1999 Ohio App. LEXIS 5667, 2 (Dec. 3, 1999) (the appellate court found no grounds for granting a motion to vacate under 60(B), although in the lower court's judgment, the defendant "reserved the right to * * * present future evidence" that a separation agreement should be vacated). Entering a final judgment that has a built-in clause subjecting it to being vacated is not consistent with 60(B), which balances the need for a fair and accurate decision with the need for finality in judgments. *In re Whitman*, 81 Ohio St.3d 239, 242, 690 N.E.2d 535 (1998); *Pearn v. Daimler Chrysler Corp.*, 148 Ohio App.3d 228, 2002-Ohio-3197, 772 N.E.2d 712, ¶ 40 (9th Dist.) ("[p]ublic policy favors finality of judgments"). It is also dissimilar to the other grounds that typically support a request to vacate, i.e., that a party was unjustly or improperly prevented from having a fair judgment entered in his case.

**{¶20}** Provided that Satvinder found the determination by the court to proceed to entry of a judgment without permitting him time to submit a valuation of the business to be an error, since the transcript indicates that a request for a continuance had been denied, he could have appealed from the Judgment Entry/Decree of Divorce or otherwise objected below. Although he specifically argues that the lower court "shirked its statutory obligation to divide the assets of the parties," this is the type of issue that is raised upon a direct appeal.[1] *Blasco v. Mislik*, 69 Ohio St.2d 684, 686, 433 N.E.2d 612

---

1. It is also noteworthy that the issues related to the divorce were agreed upon by the parties at the hearing and that the Entry was signed by counsel for both parties, as well as Kuldip.

7

(1982) (where the party moving to vacate "merely challenge[s] the correctness of the court's decision on the merits," such issues could have been raised on appeal).

{¶21} Satvinder also urges this court that, regardless of the foregoing, his request to vacate is not properly evaluated under the framework established by Civ.R. 60(B), and he should not be required to set forth any of the reasons in 60(B)(1)-(5). However, it is clear that Satvinder's Motion to Vacate was filed pursuant to Civ.R. 60(B). As explained above, the elements set forth in Civ.R. 60(B) must be met in order to prevail on such a motion.

{¶22} Even if the Motion to Vacate were evaluated under a framework separate from Civ.R. 60(B), such as that it would be appropriate to vacate the Judgment Entry based solely on the parties' agreement, we can find no basis for reversal on this ground, since Satvinder failed to comply with the terms of the agreement. Pursuant to the Judgment Entry/Decree of Divorce, Satvinder was to file his Motion to Vacate with the proof of the value of the business by December 11, 2012, which he failed to do. At the hearing held on October 11, 2012, Kuldip's counsel noted that "it is the understanding between counsel that" Satvinder would have the ability to file a 60(B) motion "within 60 days of today's date." While Satvinder argues that the Judgment Entry/Decree of Divorce was not filed until January 17, 2013, and, therefore, he could not file a Motion to Vacate, Satvinder did not file with the court any other Motion requesting to amend the Judgment Entry prior to its filing. Although the valuation report was prepared on October 23, 2012, Satvinder waited several months before filing it with the court with the Motion to Vacate. While the Judgment Entry was filed on January 17, the date for the requirement of filing the request to vacate or modify the trial court's determination

8

regarding the business valuation was not altered to allow Satvinder more time to take the action required.

{¶23} Since we find that Satvinder failed to prove that he is entitled to relief under the grounds stated in Civ.R. 60(B)(1) through (5), we need not consider whether he had a meritorious defense.

{¶24} Although Satvinder argues that he was entitled to an evidentiary hearing, "the movant * * * has the burden of demonstrating that [he] is entitled to a hearing by alleging sufficient grounds for relief from judgment." *Hai v. Flower Hosp.*, 6th Dist. Lucas No. L-07-1423, 2008-Ohio-5295, ¶ 17, citing *Kay v. Marc Glassman, Inc.,* 76 Ohio St.3d 18, 19, 665 N.E.2d 1102 (1996). Under the circumstances of this case, no hearing was required.

{¶25} The sole assignment of error is without merit.

{¶26} Based on the foregoing, the Judgment Entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, denying Satvinder's Motion to Vacate Final Decree of Divorce is affirmed. Costs to be taxed against appellant.


TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

9